IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CYNTHIA J. SCHNAPF,<br><br>  Plaintiff,<br><br>v.<br><br>MERCHANTS' CREDIT GUIDE CO.,<br><br>  Defendant. | Case No. 3:18-cv-00238-RLY-MPB<br><br>Judge Richard L. Young<br><br>Magistrate Matthew P. Brookman |

## MOTION TO STAY DISCOVERY

Defendant, Merchants' Credit Guide, Inc. (hereinafter, "MCG") by and through its attorneys, David M. Schultz and Brandon S. Stein of Hinshaw & Culbertson LLP, hereby moves, pursuant to Fed. R. Civ. P. 26, and submits this Motion to Stay Discovery pending the Court's ruling on MCG's Motion to Dismiss Plaintiff's Complaint. In support thereof, MCG states as follows:

## INTRODUCTION

Defendant filed a motion to dismiss Plaintiff's entire Complaint on February 4, 2019. *See* Dkt. #14, 15. Defendant's motion to dismiss rests on purely legal arguments for which no discovery is required. Defendant argues in its motion to dismiss that Plaintiff fails to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). The Court can resolve Defendant's motion purely by reviewing the allegations of the Complaint at issue and the materials attached to the Motion to Dismiss, and considering the applicable legal authorities that are raised in Defendant's Motion. No discovery is necessary. As such, this Court should stay discovery pending the outcome of Defendant's Motion to Dismiss Plaintiff's Complaint.

## ARGUMENT

Defendant's Motion to Stay Discovery should be granted because the Federal Rules of Civil Procedure provide this Court with broad discretion to protect defendant from the expense, undue

burden, and annoyance of having to respond to discovery while it has a motion pending that may dispose of this entire litigation. It could prove to be a waste of judicial and party resources to require discovery to proceed while the dispositive motion is pending.

### A. It Is Well Established That This Court Can Stay Discovery While Defendant's Dispositive Motion Is Pending.

District courts enjoy broad discretion in controlling discovery. *Cent. States, Se. and Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 636 (7th Cir. 2012). "Pursuant to Federal Rule of Civil Procedure 26(c) and (d), a court may limit the scope and sequence of discovery." *Duneland Dialysis LLC v. Anthem Ins. Co., Inc.*, No. 4:09 cv 36, 2010 U.S. Dist. LEXIS 33599, at *4 (N.D. Ind. Apr. 6, 2010). Rule 26(c) allows this Court to issue an order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Further, Rule 26(d) authorizes this Court to dictate the timing and sequence of discovery. Controlling discovery includes managing the timing, extent, frequency, and manner of discovery. *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 11 cv 249, 2011 U.S. Dist. LEXIS 105056, at *4 (N.D. Ind. Sept. 15, 2011); *Bilal v. Wolf*, No. 06 C 6978, 2007 U.S. Dist. LEXIS 41983, at *2 (N.D. Ill. June 6, 2007).

"It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011) (quoting *Institut Pasteur v. Chiron Corp.*, 315 F.Supp.2d 33, 37 (D.D.C. 2004)). "Stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case-at least as to the moving party. . . ." *Id.*; *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted."). "Numerous cases in this circuit have [] allowed stays in the face of a Rule 12(b)(6) challenge." *Bilal,* 2007 U.S. Dist. LEXIS 41983, at *2

Stays of discovery pending a ruling from a Court on a motion to dismiss are granted "with substantial frequency." *Bilal*, 2007 U.S. Dist. LEXIS 41983, at *2. "Indeed, some districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery." *Id.* at *4 (*citing Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997)). Such stays have been granted with even greater frequency following the Supreme Court's decision in *Twombly*, which recognized the need to spare defendant the costs of discovery into meritless claims. *Dillinger LLC v. Electronic Arts, Inc.*, No. 1:09 cv 1236, 2010 U.S. Dist. LEXIS 139139, at *2 (S.D. Ind. May 11, 2010). MCG has argued that Plaintiff's claim here is meritless.

**B. The Court Should Stay Discovery Until The Court Rules On Defendant's Motion.**

In light of the authorities cited above, the Court should exercise its discretion to stay discovery in this matter. Defendant's motion to dismiss could resolve this case in its entirety. Defendant has moved to dismiss Plaintiff's entire Complaint because Plaintiff fails to state a claim for which relief can be granted. *See Dillinger*, 2010 U.S. Dist. LEXIS 139139, at *1-2 ("Courts have long exercised [their] discretion to stay discovery after a timely filed motion to dismiss."). Defendant's motion to dismiss argues that the letter Plaintiff complains of does not convey the impression that it was sent by a state government or be coy about being a collection agency, in violation of a section of the FDCPA where liability is generally only found in "egregious situations where the debt collector overtly impersonates a government agency or where it attempts to hide its identity by using a false alias." *Sullivan v. Credit Control Servs.*, 745 F.Supp.2d 2, 11 (D. Mass. 2010). MCG has also argued that Plaintiff's § 1692f claim is an impermissible restatement of his other claims.

Thus, discovery should be stayed until the Court determines whether Plaintiff's instant claims may proceed. Otherwise, the parties will perform unnecessary, burdensome, and expensive

3

discovery on a case that may be dismissed in its entirety. *See Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) ("[*Twombly*] teaches that a defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that plaintiff's case is a substantial one."); *See also Jupiter Aluminum Corp. v. Sabaitis*, No. 2:16 cv 30, 2016 U.S. Dist. LEXIS 123843, at *19 (N.D. Ind. Sept. 13, 2016) (*citing Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008)) ("the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim."). MCG has argued that Plaintiff's claim here is meritless. *Dillinger LLC*, 2010 U.S. Dist. LEXIS 139139 at *2.

The nature of this case presents even more compelling reasons for the Court to grant Defendant's Motion than an ordinary case. A stay of discovery is especially important because Plaintiff's claims are based on a fee-shifting statute. Two scenarios illustrate this point. First, if discovery goes forward and Defendant does not prevail on its motion to dismiss, the prospect of settlement will become less likely, as Plaintiff will demand additional attorneys' fees for engaging in discovery, and Defendant's costs will have risen considerably. If discovery is stayed during the court's consideration of the motion to dismiss, the parties will not expend any additional attorneys' fees partaking in costly discovery expeditions. If Defendant loses its Motion to Dismiss, there will be a brighter prospect for a settlement. Second, if discovery is not stayed and then the Court grants Defendant's motion, the parties will have expended considerable resources partaking in discovery that proved to be have provided no benefit. In order to save both the parties and the Court substantial time, fees, and costs, this Court should stay Discovery in this matter until the questions of law that require no discovery and are currently pending before this Court are resolved.

WHEREFORE, Defendant, Merchants' Credit Guide Co. prays that this Honorable Court enter an order staying discovery until further Order of the Court which would be sometime after the Court renders an opinion on Defendant's Motion to Dismiss. Should the Court set this Motion for

further briefing or take the Motion under advisement to rule on at a later date, Defendant additionally asks that the Court stay discovery until a decision is issued on this instant motion, as well as for the court to grant any other relief to Defendant that the Court deems equitable and just

Date:  January 31, 2019

>Respectfully submitted,
>
>By:       /s/ Brandon S. Stein

Brandon S. Stein
David M. Schultz
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, IL  60606
Tel:     312/704-3000
Fax:     312/704-3001
E-mail:  bstein@hinshawlaw.com
E-mail: dschultz@hinshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2019, a copy of the foregoing **MOTION TO STAY DISCOVERY** was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system, with a courtesy copy to be sent via U.S. mail.  Parties may access this filing through the Court's system.

Nathan C. Volheim
Eric D. Coleman
Taxiarchis Hatzidimitriadis
SULAIMAN LAW GROUP LTD.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
ecoleman@sulaimanlaw.com
thatz@sulaimanlaw.com
nvolheim@sulaiman.com

>*/s/ Brandon S. Stein*
>Brandon S. Stein
>David M. Schultz
>Hinshaw & Culbertson LLP
>151 N. Franklin Street, Suite 2500
>Chicago, IL  60606
>Tel:     312/704-3000
>Fax:     312/704-3001
>E-mail:  bstein@hinshawlaw.com
>          dschultz@hinshawlaw.com

5