**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

CYNTHIA J. SCHNAPF,

     Plaintiff,

v.

MERCHANTS' CREDIT GUIDE CO.,

     Defendant.

3:18-cv-00238-RLY-MPB

**CASE MANAGEMENT PLAN**

**I.      Parties and Representatives**

    A.  Parties

        Plaintiff:               Defendant:
        Cynthia J. Schnapf       Merchants' Credit Guide Co.

    B.  Representatives

        For Plaintiff:           For Defendant:

| | |
|---|---|
| **Nathan Charles Volheim** | **David M. Schultz** |
| **Taxiarchis Hatzidimitriadis** | **Brandon S. Stein** |
| **Eric D. Coleman** | Hinshaw & Culbertson, LLP |
| Sulaiman Law Group, Ltd. | 151 N Franklin St – Ste 2500 |
| 2500 South Highland Avenue, Suite 200 | Chicago, IL 60606 |
| Lombard, Illinois 60148 | Phone: 312-704-3000 |
| Phone: 630-575-8181 | Fax: 312-704-3001 |
| Fax: 630-575-8188 | Email: dschultz@hinshawlaw.com |
| Email: nvolheim@sulaimanlaw.com | Email: bstein@hinshawlaw.com |
| Email: thatz@sulaimanlaw.com | |
| Email: ecoleman@sulaimanlaw.com | |

## II.   Jurisdiction and Statement of Claims

A.   Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

B.   Plaintiff has brought a Complaint against Defendant which alleges violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*. related to Defendant's debt collection activities. Plaintiff asserts that Defendant sent her a misleading and harassing correspondence seeking payment of a consumer debt.

C.   Plaintiff's claim is a "bizarre or idiosyncratic" interpretation of a collection notice and an attorney driven attempt to hold a debt collector liable under a provision of the FDCPA that Courts limit to "egregious situations where the debt collector overtly impersonates a government agency or where it attempts to hide its identity by using a false alias." When the Court views the letter as a whole, it, as would any unsophisticated consumer, will see that the letter clearly does not impersonate a government agency or attempt to hide an identity. Rather, Defendant was more than upfront about being a collection agency from Chicago, IL.

## III.   Pretrial Pleadings and Disclosures

A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **March 8, 2019**.

B.   Plaintiff shall file preliminary witness and exhibit lists on or before **March 18, 2019**.

C.   Defendant shall file preliminary witness and exhibit lists on or before **March 25, 2019**.

D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 4, 2019**.

E.   Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **March 8, 2019**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F.   Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 24, 2019** .  Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **May 7, 2019**; or if Plaintiff has

disclosed no experts, Defendant shall make its expert disclosure on or before **May 7, 2019.**

G.     Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **June 17, 2019.** Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.     All parties shall file and serve their final witness and exhibit lists on or before **July 29, 2019**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     <u>Discovery of electronically stored information ("ESI")</u>. **The parties do not anticipate a large volume of ESI to be sought. To the extent that any ESI is sought, the parties agree that .pdf will be the format when applicable**.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

303199904v1 1015772

IV.   **Discovery[1] and Dispositive Motions**

    A.    The parties anticipate filing cross-motions for summary judgment on the following issues: Whether Defendant's collection communication with Plaintiff was misleading, harassing and an unfair violation of the FDCPA.

    B.    On or before **July 12, 2019** and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based

    C.    Select the track that best suits this case:

        __X__   Track 2: Dispositive motions are expected and shall be filed by **August 12, 2019**; non-expert witness discovery and discovery relating to liability issues shall be completed by **June 17, 2019**; expert witness discovery and discovery related to damages shall be completed by **July 15, 2019**. All remaining discovery shall be completed by no later than **July 15, 2019**.

        <u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V.   **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties do not believe that a settlement conference would be productive in this matter. To the extent that the Court chooses to set a settlement conference, the parties suggest that it occur in **June of 2019.**

VI.   **Trial Date**

The parties request a trial date in **March 2020**. The trial is by **jury** and is anticipated to take **two (2) days**.

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

303199904v1 1015772

VII.   **Referral to Magistrate Judge**

A.   **Case**.  At this time, all parties **<u>DO NOT</u>** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B.   **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII.   **Required Pre-Trial Preparation**

A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.   Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.   Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a.   brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the

portions of the deposition that will be played, designated specifically by counter-numbers.

5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.      **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX.     <u>Other Matters</u>

**Defendant filed a Motion to Stay Discovery (Dkt. #16) during the pendency of the Court's consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. #14-15). Plaintiff opposes this Motion. Defendant requests that the Court stay discovery and/or decline to enter a case management order until the Court resolves the Motion to Stay Discovery.**

6

303199904v1 1015772

_s/ Nathan C. Volheim_                          _/s/ Brandon S. Stein_
Nathan C. Volheim, Esq. #6302103                Brandon S. Stein
Sulaiman Law Group, Ltd.                        Hinshaw & Culbertson LLP
*Counsel for Plaintiff*                         *Counsel for Defendant*

7

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR: <br><br> _____ IN PERSON IN ROOM _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR <br><br> _____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

8

303199904v1 1015772

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**


_____                    _____
Date                                                                      U. S. District Court
                                                                              Southern District of Indiana

170601\3886708-1